02-12-236-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00236-CR

 

 


 
 
 Nicholas
 Jeremiah Jackson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (1248599D)
  
 February
 7, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER
CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00236-CR

 

 


 
 
 Nicholas Jeremiah Jackson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Although
indicted for the state jail felony of attempting to take a weapon from a peace
officer,[2] Appellant Nicholas
Jeremiah Jackson pled guilty pursuant to a plea bargain to the lesser included
offense of resisting arrest, a class A misdemeanor.[3] 
He also signed a judicial confession.  The trial court placed Appellant on
deferred adjudication community supervision for one year and imposed a $100
fine.  The trial court also gave Appellant permission to appeal the pretrial
denial of his motion to suppress.[4]

Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California[5] by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  Although Appellant was given an opportunity to file a pro se response
to the Anders brief, he has not done so.  The State also did not file a
brief.

After
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record.[6]  Only then may we
grant counsel’s motion to withdraw.[7]

We
have carefully reviewed counsel’s brief and the record.  We agree with counsel
that this appeal is wholly frivolous and without merit; we find nothing in the
record that arguably might support an appeal.[8]

Accordingly,
we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

 

PER
CURIAM

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 38.14(b), (e)(2) (West Supp. 2012).





[3]See id. § 38.03(a),
(c) (West 2011).





[4]See Tex. R. App. P.
25.2(a)(2).





[5]386 U.S. 738, 87 S. Ct.
1396 (1967).





[6]See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[7]See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[8]See Bledsoe v. State,
178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).